UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 1:21-cr-00086-SNLJ |
| | ) | |
| TRAVION MORGAN, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Uncontested Motion to Amend/Correct Order Under Federal Rule of Criminal Procedure 36. [Doc. 548]. Under Rule 36, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." For the reasons stated, the motion will be granted.

On September 13, 2022, this Court sentenced Morgan to 125 months of imprisonment in the Federal Bureau of Prisons. [Docs. 416, 417]. Consistent with the Presentence Investigation Report, the Court assigned Morgan five criminal history points for prior convictions and added two "status points" pursuant to United States Sentencing Guidelines (USSG) § 4A1.1(d) (since amended) for a total of seven criminal history points. [*Id.*]. This placed him in criminal history category IV.

The following year, Amendment 821 amended the status points provision of the guidelines. In light of Amendment 821, Morgan filed an unopposed motion for sentence reduction. [Doc. 529]. On June 11, 2024, the Court granted the motion and reduced

Morgan's sentence from 125 months to 120 months of imprisonment.  [Doc. 534].  The Court found that "[p]ursuant to U.S.S.G. § 4A.1.1(e), as amended by Amendment 821, defendant's criminal history category is now III …."  [Doc. 535].  The criminal history category was reduced from IV to III because Morgan's criminal history points decreased from seven to five pursuant to Amendment 821.   [Docs. 529, 535].

Recently, the Federal Bureau of Prisons informed Morgan and his counsel that it will not apply Morgan's earned First Step Act Recidivism Reduction Credits unless the Court expressly specifies that Morgan's total criminal history points were reduced from seven to five.  [Doc. 548]  Counsel verified this information with Morgan's case manager at Federal Correctional Institution (FCI) Marion.  [*Id.*].

The AO form used by the Court to enter its June 11, 2024 Order required the Court only to state the criminal history category and guideline range at sentencing and under Amendment 821.  *See* [Docs. 534, 535].  It did not include a designated space to state the criminal history points.  *See* [*Id.*]  The Court did not find it necessary to state the reduction in criminal history points explicitly in section III – Factors Considered Under USSG § 1B1.10 and 18 U.S.C. § 3553(a) – because the motion and the Court's ruling were premised on that reduction.  The failure to explicitly state the criminal history points was an inadvertent oversight or omission by the Court.  Therefore, the Court will enter an Amended Factors Considered Under USSG § 1B1.10 and 18 U.S.C. § 3553(a) to specify a reduction in Morgan's criminal history points from seven to five.

Accordingly,

**IT IS HEREBY ORDERED** that the Uncontested Motion to Amend/Correct

2

Order Under Federal Rule of Criminal Procedure 36 [Doc. 548] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's ruling on June 11, 2024 recognized the reduction in Morgan's criminal history points from seven to five under Amendment 821.

**IT IS FURTHER ORDERED** that section III – Factors Considered Under USSG § 1B1.10 and 18 U.S.C. § 3553(a) – is amended to state the reduction in Morgan's criminal history points to five.

**IT IS FINALLY ORDERED** that the Clerk of Court is directed to email a copy of this Order and the Amended Factors Considered Under USSG § 1B1.10 and 18 U.S.C. § 3553(a) to Morgan's case manager at FCI Marion.

**SO ORDERED** this 6th day of July, 2026.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

3